IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN RYAN MARESCA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-008 |
| | ) Judge Stephanie L. Haines |
| WARDEN UNDERWOOD, | ) Magistrate Judge Christopher B. Brown |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Devin Ryan Maresca ("Petitioner") (ECF No. 3). Petitioner challenged the execution of his sentence claiming that he was denied certain time credits under the First Step Act ("FSA"). On March 14, 2025, a Response (ECF No. 10) was filed and shortly thereafter on March 31, 2025, a Traverse in Opposition (ECF No. 12) was filed. This matter was referred to Magistrate Judge Christopher Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Petitioner also filed a Motion to Expedite (ECF No. 13), which the Court ruled upon (ECF No. 16), and in the interim, on August 5, 2025, Respondent filed a Notice of Suggestion of Mootness (ECF No. 20) informing the Court that Petitioner had been released from incarceration.

On August 8, 2025, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 21) recommending that the Petition (ECF No. 3) be dismissed as moot because Petitioner had been released from custody *via* the First Step Act, and therefore, there was no action that the Court could take on Petitioner's claims. Petitioner was advised he could file objections to the Report and Recommendation no later than August 25, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and

Local Civil Rule 72.D.2. Petitioner timely filed Objections (ECF No. 22) on August 22, 2025. Petitioner has also moved for a status update (ECF No. 23).

Petitioner's Objections state that his claims are not moot on the grounds that the issues raised in his Petition present ongoing collateral consequences and systemic failures. He states he was incarcerated an additional 60 days depriving him of liberty and that the failures of the system continue to harm others and the issue requires judicial review. ECF No. 22, pp. 1-2. Petitioner also states in this Motion for Status Update that he is continuing to serve a three-year sentence of Supervised Release.[1] ECF No. 23, ¶ 6. Petitioner argues that his case is not moot because he has suffered "collateral consequences" such as the Supreme Court allowed for in *Spencer v. Kemma*, 523 U.S. 1 (1998).[2]

In *Spencer,* the Petitioner sought to invalidate an order revoking his parole but because he completed the entire term of the parole revocation it was found the Petition was moot. The case was appealed and the Supreme Court performed an evaluation of whether Petitioner demonstrated collateral consequences that were adequate to meet Article III's injury-in-fact requirement. *See id.* at 14. The Court found Spencer failed to meet this standard of collateral consequences.

> An incarcerated convict's (or a parolee's) challenge to his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of parole) constitutes a concrete injury caused by the conviction and redressable by the conviction's invalidation. Once the sentence has expired, however, the petitioner must show some concrete and continuing injury other than the now-ended incarceration (or parole)—some "collateral consequence" of the conviction—if the suit is to be maintained. In recent decades, this Court has presumed that a *wrongful conviction* has continuing collateral

---

[1] To the extent that Petitioner is trying to make a claim that the term of his Supervised Release is somehow negatively affected by the application of his FSA credits, this Court rejects that argument.

[2] Petitioner also submitted as support *Holland v. Canaan USP*, 998 F.3d 70 (3d Cir. 2021) and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Holland's underlying conviction implicated actual innocence so collateral consequence was obvious in that it would change Holland's criminal record. In *Hill*, Petitioner was allowed to use the savings clause to challenge the post-conviction relief statute in the misapplication of guidelines in a Section 2241 Habeas Petition. The findings in this case are not on-point with Petitioner's claims.

> consequences (or, what is effectively the same, has counted collateral consequences that are remote and unlikely to occur). *Sibron v. New York,* 392 U.S. 40, 55–56. However, in *Lane v. Williams,* 455 U.S. 624, 102, the Court refused to extend this presumption of collateral consequences to the revocation of parole. The Court adheres to that refusal, which leaves only the question whether petitioner has demonstrated collateral consequences.
>
> Petitioner's asserted injuries-in-fact do not establish collateral consequences sufficient to state an Article III case or controversy. That his parole revocation could be used to his detriment in a future parole proceeding is merely a possibility rather than a certainty or a probability. That the revocation could be used to increase his sentence in a future sentencing proceeding is, like a similar claim rejected in *Lane,* contingent on petitioner's violating the law, being caught and convicted. Likewise speculative are petitioner's other allegations of collateral consequence— that the parole revocation could be used to impeach him should he appear as a witness in future proceedings, and that it could be used directly against him should he appear as a defendant in a criminal proceeding.

*Spencer*, 523 U.S. 1, 1–2 (1998) (emphasis added). Petitioner's stated collateral consequence, a deprivation of liberty for 60 days, is less convincing than Spencer's arguments. The alleged deprivation of liberty, if proven, would actually be a direct consequence of Petitioner's claim, not collateral. In addition, a deprivation of liberty is not a collateral consequence that would affect his criminal record, which is typically the "consequence" the Courts evaluate in a "collateral consequence" review. Finally, Petitioner may not bring a hypothetical case on behalf of others who may suffer from an alleged FSA credit miscalculation. This claim is improper both substantively and procedurally. Petitioner's arguments in his Objections fail on all counts.

Upon review of the record and the Report and Recommendation (ECF No. 21) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Magistrate Judge Brown correctly deemed Petitioner's Petition for Habeas Corpus moot as Petitioner was released from incarceration on July 31, 2025, and as such there is no remedy the Court can provide (ECF No. 20). The purpose of a writ of

habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer*, 523 U.S. 1, 7. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's release, there is no remedy that the Court can provide in which Petitioner has a personal stake. Therefore, the Petition and is moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 2nd day of March, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) hereby is DISMISSED as moot; and,

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 22) are overruled; and

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 21) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that Petitioner's Motion for Status Update (ECF No. 23) hereby is denied as moot; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge